United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50160
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR GUERRERO BOJORQUEZ CARDOZA,
also known as Victor Cardoza Bojorquez,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:94-CR-134-ALL
---------------------

Before REAVLEY, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Victor Guerrero Bojorquez Cardoza appeals the sentence
imposed following his guilty-plea conviction for possession of
marijuana with intent to distribute. He argues that the district
court plainly erred in imposing his sentence pursuant to the then
mandatory United States Sentencing Guidelines, which were
subsequently held unconstitutional in United States v. Booker,
125 S. Ct. 738 (2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because he did not raise this issue in the district court, review is limited to plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005)(No. 04-9517). Under the plain-error standard of review, "reversal is not required unless there is (1) an error; (2) that is clear or plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

The imposition of Cardoza's sentence under the mandatory Guidelines was error that was plain. See United States v. Martinez-Lugo, ___ F.3d ___, 2005 WL 1331282 at *2 (5th Cir. June 7, 2005) (No. 04-40478). However, Cardoza has not shown that the error affected his substantial rights as he has not shown that the district court would likely have imposed a lesser sentence under an advisory Guidelines sentencing scheme. See United States v. Bringier, 405 F.3d 310, 317 (5th Cir. 2005). In both the instant case and Bringier, the district courts stated at sentencing that the sentence was the lowest it could give. See id. Therefore, he has not shown that the district court's imposition of his sentence under the mandatory Guidelines was reversible plain error. See id. Accordingly, Cardoza's sentence is AFFIRMED.